United States District Court
Eastern District of New York

---------------------------------------------------x

MICHELE CLIFFORD,

                Plaintiff,

      -against-

DEPARTMENT OF CORRECTIONS OF THE
CITY OF NEW YORK, CITY OF NEW YORK,
CYNTHIA BRANN, In her official capacity
as Commissioner of the Department of
Corrections,

                Defendants.

---------------------------------------------------x

Docket:
Filed: July \_\_\_, 2019

**VERFIIED COMPLAINT**

**JURY DEMANDED**

      **MICHELE CLIFFORD**, by and through his counsel, **THOMAS D. SHANAHAN, P.C.**, does

hereby complain of the Defendants as follows:

### Parties, Venue & Jurisdiction

1. Plaintiff MICHELE CLIFFORD, ("MICHELE") is a white/Caucasian female, 61 years old
   who resides in Queens, New York.

2. MICHELE was an employee of the Defendant DEPARTMENT OF CORRECTIONS for
   twenty-seven years.   At all times her attendance and performance were exemplary.

3. Defendant DEPARTMENT OF CORRECTIONS OF THE CITY OF NEW YORK
   ("CORRECTIONS") is a governmental organization or municipal corporation that is a
   political subdivision of Defendant CITY OF NEW YORK.

4. Defendant CITY OF NEW YORK ("CITY") is a municipal corporation duly formed
   pursuant to laws of the State of New York.

5. Defendant CYNTHIA BRANN ("BRANN"), is the Commissioner of the Defendant CORRECTIONS, and named in her official capacity.

### Venue, Statues and Jurisdiction

6. Venue is proper as the cause of action herein accrued in the Eastern District of New York.

7. The following federal statutes are at issue: Title VII of the Civil Rights Act of 1964 pursuant to 28 U.S.C. §1331 ("Title VII"), Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 (1967).

8. This Court has supplemental jurisdiction over the related New York State and City law causes of action asserted in this complaint pursuant to 28 U.S.C. §1367.

9. MICHELE has fully complied with all administrative prerequisites for the commencement of this action.   The E.E.O.C. issued a Right to Sue letter on April 26, 2019.

### Material Facts

10. MICHELE was employed by corrections from 1991 until 2018.

11. MICHELE's attendance was at all times satisfactory.  In fact, MICHELE did not miss one day of work for twenty-four of the twenty-seven years she was employed.

12. MICHELE received numerous awards and promotions for her exemplary service. MICHELE was hired in 1991 as a corrections officer.  In 2000 she was promoted to a Captain.  In 2006, she was promoted to Assistant Deputy Warden.  In 2010, she was promoted to Deputy Warden.  In 2014, she was promoted to Warden.

13. Riker's Island ("Rikers") is the main prison facility for housing of those inmates awaiting trial and serving sentences of less than one-year. An estimated 15,000 inmates are incarcerated in the twelve jail facilities that comprise Rikers.

14. MICHELE served as the Warden of George Verno Center ("GRVC") which houses approximately 850 inmates.

15. At all times during her twenty-seven years of service, MICHELE received positive job recommendations of "outstanding", "very good" or "good", up and until the time the unlawful discriminatory conduct complained of herein began.

16. At all times during her twenty-seven years of service, MICHELE was never a subject of progressive discipline as a civil servant or appointee.

17. However, on or about late 2017 into early 2018, the work environment in which MICHELE worked began to change.

18. From 2017 to 2018 when MICHELE was constructively discharged, she was subjected to an increasingly hostile work environment based upon her age, race and gender/sex.

19. Examples of the hostile work environment to which MICHELE was subjected, include: being passed over six times for promotion while less qualified Black female colleagues were promoted; in 2018, receiving her lowest performance evaluation of "satisfactory"; being excluded from critical management level meetings involving all other Wardens; being screamed at and otherwise demeaned by her fellow Wardens and other supervisory personnel at meetings; treating MICHELE less favorably than younger, minority, female Wardens; and, treating MICHELE differently and less favorably than less qualified similarly situated Black female Wardens.

20. Beginning in 2018, MICHELE reported the unlawful discriminatory conduct of Defendants to the EEO Office of Defendant CORRECTIONS.

21. CORRECTIONS EEO Office determined MICHELE was not subjected to unlawful discriminatory conduct after conducting an investigation was incomplete, biased and intended to insulate agents of CORRECTIONS who were female and black, from accountability.

22. After filing her EEO Complaint, the unlawful discriminatory conduct of Defendants, including a hostile work environment based upon MICHELE's race, escalated.

23. After filing her EEO Complaint, MICHELE was subjected to unlawful retaliation, in violation of City, State and Federal laws.

24. MICHELE was also subjected to "write ups" for alleged poor performance which constitutes pretext and is part-and-parcel of the discriminatory hostile environment she was subjected to.

25. MICHELE's performance as a Warden was at all times exemplary.   In fact, prior to April 2018, statistics relating to violence and other disciplinary issues within the GRVD were trending down.

26. However, MICHELE"s performance as a Warden was criticized, she was held to a higher standard than similarly situated younger, female, Black Wardens, and resources necessary to properly carry out her daily functions were not provided.

27. From on or about late 2017, until the time MICHELE was constructively discharged in 2018, all other female wardens at this time were black.

28. Late in the morning on Friday, June 29, 2018, MICHELE was called into a meeting with Chief Jennings, who is a Black female. At that meeting, Chief Jennings relieved MICHELE of her command as Warden of GRVC.

29. The meeting took place in the personnel director's office. Chief Jennings instructed MICHELE to complete her retirement papers.

30. On July 2, 2018, MICHELE was forced to retire under circumstances which constitute constructive discharge.

31. At the time she was forced to retire, MICHELE was the only white female Warden at Riker's Island.

32. MICHELE was replaced as Warden by a younger, less-qualified Black female.

33. After MICHELE's constructive discharge, no white/Caucasian female Wardens remained employed at Rikers.

34. Six months after MICHELE was constructively discharged, the younger, less-qualified black female Warden, who replaced MICHELE, was reassigned to a lessor demanding facility on Rikers Island after incidents of violence and physical injury to inmates and corrections officers dramatically increased.

### As and For a First Cause of Action
### Under Title VII (not against individual defendant)

35. MICHELE repeats and realleges the foregoing allegations herein as if fully restated.

36. Title VII precludes any employer, including a governmental entity, from discriminating against an employer in the compensation, terms, conditions or privileges of employment, because of an individual's race, color, religion , sex, or national origin".

37. Defendants discriminated against MICHELE by engaging in unlawful discriminatory practices prohibited by 42 U.S.C. 2000e, based upon MICHELE's age, gender and race.

## As and For a Second Cause of Action
### Pursuant to Age Discrimination in Employment Act (ADEA)

38. MICHELE repeats and restates all of the allegations previously pled herein as if fully repeated.

39. The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 (1967), prohibits unlawful discrimination based upon a person's age.

40. MICHELE is a member of the class of individuals subject to the protections of the ADEA.

41. MICHELE was terminated based upon her age and replaced with a less qualified, younger, black female.

42. Defendants discriminated against MICHELE by engaging in unlawful discriminatory practices prohibited by 29 U.S.C. §621, *et seq.*, based upon MICHELE's age.

## As and For Third Cause of Action
### Pursuant to New York State Human Rights Law

43. MICHELE repeats and restates all of the allegations previously pled herein as if fully repeated.

44. New York State Executive Law §296, provides: "It shall be an unlawful discriminatory practice for an employer or licensing agency, because of age, race, creed, color national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate

against such individual in compensation, terms, conditions or privileges of employment".

45. Defendants have violated the provisions of the Executive Law by subjecting MICHELE to a hostile work environment and terminating her employment based upon her age, race (white) and gender (sex)".

### As and For Fourth Cause of Action
### Pursuant to New York City Human Rights Law

46. MICHELE repeats and realleges all prior allegations herein as if fully restated.

47. The New York City Human Rights Law, Title 8, §8-107(1), *et seq.*, provides it shall be an unlawful discriminatory practice "for an employer...to discharge...or otherwise discriminate against any person because of their membership in a protected category, including...race, age, gender/sex".

48. Defendants have violated the provisions of the New York City Human Rights Law by subjecting MICHELE to a hostile work environment and terminating her employment based upon her age, race (white) and gender (sex)".

### As and For Fifth Cause of Action
### Pursuant to Title VII & the New York State and City Human Rights Laws

49. MICHELE repeats and realleges all prior allegations herein as if fully restated.

50. Title VII, the New York State Executive Law and New York City Human Rights Law, all prohibit retaliation against employees who file a good faith complaint of unlawful discrimination.

51. MICHELE was subjected to numerous adverse job actions *after* filing an EEO complaint with agents of Defendant CORRECTIONS including but not limited to her constructive discharge.

52. But for the filing of MICHELE's good-faith EEO complaint, she would not have been subjected to the unlawful discriminatory practices complained of herein.

**WHEREFORE**, MICHELE prays for an order of this Court entering judgment in her favor and awarding actual, compensatory damages, future lost wages, back pay, reputational damage, attorney fees, costs, injunctive and declaratory relief and such other, different and further relief as is deemed just, equitable and proper.   MICHELE demands trial by Jury on all causes of action.

Dated: New York, New York
      July 16, 2019

By:_____

Thomas D. Shanahan, Esq. (TS-3330)
Thomas D. Shanahan, P.C.
551 Fifth Avenue, Thirty-First Floor
New York, New York 10176
Phone (212) 867-1100, x11
tom@shanahanlaw.com

8

## CLIENT VERIFICATION

State of New York   }
                } ss:
County of New York  }

Michele Clifford, being duly sworn, does hereby swear that she has reviewed the substantive contents of this Verified Complaint and the contents are true based upon her personal knowledge. Where she uses the "term upon information and belief", she believes those statements to be true.

Michele Clifford

SWORN TO BEFORE ME THIS 16 TH
DAY OF JULY 2019

Thomas D. Shanahan
Notary Public

DANIEL GONZALEZ
Notary Public - State of New York
NO. 01GO6390634
Qualified in Queens County
My Commission Expires Apr 22, 2023

Daniel Gonzalez

1